### THOMAS v. EVINS.

(Supreme Court, Appellate Term. June 29, 1911.)

ACCORD AND SATISFACTION (§ 26*)—EVIDENCE.

> Where, in an action on a note dated May 29, 1905, defendant admitted making the note as alleged, pleaded payment of $100 thereon, and alleged a counterclaim for professional services in December, 1904, and plaintiff admitted payment of the $100, and amended his reply to the counterclaim by striking out an allegation that defendant had been fully paid for his services, the presumption of no claim arising from the giving of the note after the rendition of the services did not justify the exclusion of defendant's evidence to prove that the note was the last of a series of renewals of indebtedness existing long prior to the services in support of his counterclaim, to rebut such presumption. [Ed. Note.— For other cases, see Accord and Satisfaction, Dec. Dig. § 26.*]

Appeal from City Court of New York, Trial Term.

Action by Herbert F. Thomas against Samuel H. Evins. From a judgment entered in favor of plaintiff on a verdict directed by the court, and dismissing defendant's counterclaim, he appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Samuel H. Evins in pro. per. (Julius O. Venino, of counsel), for appellant.

Charles N. Morgan & Son (George E. Morgan, of counsel), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. Action brought by plaintiff on a promissory note for $700, dated May 29, 1905. The answer admitted the making and delivering of the note, and alleged the payment of $100 thereon, and also a counterclaim for professional services rendered by the defendant to plaintiff. The plaintiff served a reply to the counterclaim, alleging that the services of defendant were rendered to the firm of which plaintiff was a member and that the services were paid in full, and denied the other allegations of the counterclaim.

In open court, upon the trial, plaintiff, while he alleged in his verified complaint that "no part of said note has been paid," admitted the payment of $100, and by stipulation his reply was amended by striking out the allegation "that defendant shortly after said services were rendered was paid in full therefor," viz., the services set up in the counterclaim. The defendant's evidence in support of his counterclaim should have been admitted, notwithstanding plaintiff's right to recover on the note, and the dismissal of the counterclaim was erroneous. Presumptions as to the effect of giving a note do not justify the exclusion of proof to rebut such presumptions.

The dismissal of the counterclaim was based apparently on the theory that the date of the note, viz., May 29, 1905, which was subsequent to the time of the services alleged in the counterclaim, viz., December, 1904, was an acknowledgment on the defendant's part that nothing was due him for such services from plaintiff. This inference was drawn after repeated offers upon the part of defendant, which were ruled out, to prove that the note in action was the last of a series of renewals of an indebtedness existing long before the services set up in the counterclaim, and evidenced by a promissory note originally given in January, 1904, for $1,200. This evidence should have been received to rebut the presumption relied upon by the respondent.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.